JUDGE BUCHWALD

Cardillo & Corbett
Attorneys for Plaintiff
TBS LATIN AMERICA LINER, LTD.
29 Broadway
New York, New York 10006
Tel: (212) 344-0464
Fax: (212) 797-1212
Tulio R. Prieto (TP-8455)



'08 CIV 3742

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------x
TBS LATIN AMERICA LINER, LTD.,          :
                                        :
                       Plaintiff,       :   ECF
                                        :   **VERIFIED COMPLAINT**
           -against-                    :
                                        
CI CORPORACION CARBONES DE LA
SABANA S.A. a/k/a CORSABANAS,

                       Defendant.
----------------------------------------x

RECEIVED APR 21 2008 U.S.D.C. S.D.N.Y. CASHIERS

Plaintiff, TBS LATIN AMERICA LINER, LTD., ("Plaintiff"), by and through its attorneys, Cardillo & Corbett, as and for its Verified Complaint against the Defendant, CI CORPORACION CARBONES DE LA SABANA S.A., a/k/a CORSABANAS ("Defendant") alleges, upon information and belief as follows:

### JURISDICTION

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 United States Code § 1333.

### THE PARTIES

2. At all material times to this action Plaintiff

was, and still is, a foreign business entity duly organized and existing under the laws of the Marshall Islands a foreign country with a registered address at Trust Company Complex, Ajeltake Road, Ajeltake Island, Majuro, Marshall Islands MH96960.

3. At all times material to this action, Defendant was, and still is, a foreign business entity organized and existing under the laws of a foreign country with an address at CRA 15 No. 78-67 Ofc 301, Bogota, Colombia. Upon information and belief, Defendant is known as CI CORPORACION CARBONES DE LA SABANA S.A., and CORSABANAS.

### DEFENDANT'S BREACH OF CONTRACT

4. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1-3 of this Complaint as if set forth at length herein.

5. By a voyage charter party dated June 22, 2007, Plaintiff agreed to carry and defendant agreed to load and discharge a cargo of coal from Cartagena, Colombia, to Imbituba, Brazil, aboard the M/V AINU PRINCESS (the "Vessel")(the "Charter Party").

6. Defendant exceeded the time allowed under the Charter Party for loading and discharging the cargo by 2.13819 days. Under the terms of the Charter Party, Defendant is liable to Plaintiff for demurrage as a result of

its exceeding the time allowed to load and discharge at the rate of $19,500 per day. The total demurrage incurred by Defendant was $41,694.71.

7.   Plaintiff has demanded the demurrage incurred by the Vessel from Defendant, but Defendant has failed and refused to pay the outstanding demurrage in the amount of $41,694.71.

NEW YORK ARBITRATION

8.   The Charter Party provides that any disputes arising under the Charter Party shall be referred to arbitration in New York under United States law in accordance with the Rules of the Society of Maritime Arbitrators.

9.   Plaintiff reserves the right to demand arbitration from Defendant as authorized by the terms of the Charter Party and the provisions of the United States Arbitration Act, 9 U.S.C. §§1-14, specifically Section 8.

10.   The Charter Party, Clause 30, expressly provides that the arbitrators may award "costs, including a reasonable allowance for attorney's fees". Moreover, the award of interest, costs and attorneys' fees is expressly allowed by Rule 30 of the Rules of the Society of Maritime Arbitrators. Rule 30 provides that, "the Panel is empowered to award reasonable attorneys' fees and expenses or costs incurred by a party or parties in the prosecution or defense

of the case." Such items are routinely awarded to the prevailing party by arbitrators in New York. As best as can now be estimated, the following amounts can be expected to be recovered in the action.

| | | |
|---|---|---:|
| A. | On the principal claim: | $41,694.71 |
| B. | Interest at 7% for 2 years | $ 5,837.26 |
| C. | Arbitration fees and attorneys' fees: | $15,000.00 |
| | TOTAL: | $62,531.97 |

## DEFENDANT NOT FOUND WITHIN THE DISTRICT

11. The Defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules of Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendant has, or will have during the pendency of this action, property within this District and subject to the jurisdiction of this Court, held in the hands of garnishees including, but not limited to, ABN Amro Bank NV, American Express Bank, Banco de Bogota, Banco Popular, Bank Leumi, Bank of America, Bank of China, Bank of Communications Co. Ltd. New York Branch, Bank of India, Bank of New York, Barclays Bank, BNP Paribas, Calyon, Citibank, Commerzbank, Deutsche Bank, HSBC (USA) Bank, J.P. Morgan Chase, Standard Chartered Bank, State Bank of India, Societe Generale, UBS AG

and/or Wachovia Bank, which are believed to be due and owing to Defendant.

12. Plaintiff seeks an order from this court directing the Clerk of the Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules of Certain Admiralty and Maritime Claims and also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching, *inter alia*, any property of Defendant held by the aforesaid garnishees for the purpose of obtaining personal jurisdiction over Defendant and to secure Plaintiff's claims as described above.

**WHEREFORE**, Plaintiff prays:

A. That process in due form of law issue against Defendant citing it to appear and answer under oath all and singular the matters alleged in the Complaint.

B. That since the Defendant cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of the Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims and also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching all tangible or intangible property in whatever form or any other funds held by any garnishee, including, but not limited to, ABN

Amro Bank NV, American Express Bank, Banco de Bogota, Banco Popular, Bank Leumi, Bank of America, Bank of China, Bank of Communications Co. Ltd. New York Branch, Bank of India, Bank of New York, Barclays Bank, BNP Paribas, Calyon, Citibank, Commerzbank, Deutsche Bank, HSBC (USA) Bank, J.P. Morgan Chase, Standard Chartered Bank, State Bank of India, Societe Generale, UBS AG and/or Wachovia Bank, which are due and owing to Defendant, in the amount of $62,531.97 to secure Plaintiff's claims and that all persons claiming any interest in the same be cited to appear and pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims answer the matters alleged in the Complaint.

    C.    That this Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeal thereof; and

    D.    That the Plaintiff has such other, further and

different relief as the Court may deem just and proper.

Dated:    New York, New York
          April 18 , 2008

                    CARDILLO & CORBETT
                    Attorneys for Plaintiff
                    TBS LATIN AMERICA LINER, LTD.

By:  *[signature]*
     Tulio R. Prieto (TP 8455)

Office and P.O. Address
29 Broadway, Suite 1710
New York, New York 10006
Tel: (212) 344-0464
Fax: (212) 797-1212

## ATTORNEY'S VERIFICATION

State of New York )
                   ) ss.:
County of New York)

    1.    My name is Tulio R. Prieto.

    2.    I am over 18 years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

    3.    I am a partner in the firm of Cardillo & Corbett, attorneys for the Plaintiff.

    4.    I have read the foregoing Verified Complaint and know the contents thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

    5.    The reason why this Verification is being made by the deponent and not by the Plaintiff is that the Plaintiff is a business organization with no officers or directors now within this District.

    6.    The source of my knowledge and the grounds for my belief are the statements made, and the documents and information received from, the Plaintiff and agents and/or representatives of the Plaintiff.

    7.    I am authorized to make this Verification on

behalf of the Plaintiff.

                                            _____
                                                    Tulio R. Prieto

Sworn to this 18th day
of April, 2008

_____
NOTARY PUBLIC

CHRISTOPHIL B. COSTAS
Notary Public, State of New York
No. 31-0773693
Qualified in New York County
Commission Expires April 30, 2011